1 | Laura Each Nguyen, SBN 203141
2 | Law Offices of Laura D. Each, PC
3 | 5776 Lindero Canyon Rd., D-233
  | Westlake Village, CA 91362
4 | Telephone: (818) 665-4083
  | Fax: (818) 206-3230
5 |
6 | Attorney for Plaintiff
  | TRICOR AMERICA, INC.
7 |
8 |
9 |                    UNITED STATES DISTRICT COURT
10|                   NORTHERN DISTRICT OF CALIFORNIA
11|
12| TRICOR AMERICA, INC., a California
  | corporation,
13|                         Plaintiffs,          Case No: 
14|         vs.                                  COMPLAINT FOR DAMAGES FOR:
15|
16| DHL CANADA EXPRESS, LTD, a Canadian          1. Breach of Contract
  | corporation; LOOMIS CANADA HOLDING           2. Account Stated
17| COMPANY, INC., a Canadian corporation; and   3. Quantum Meruit
  | DOES 1 though 25, inclusive.                 4. Negligent Misrepresentation
18|
19|                         Defendants.
20|
21| Plaintiff TRICOR AMERICA, INC. (hereinafter referred to as "TRICOR"), for causes of
22| action against defendants and each of them alleges as follows:
23|
24|                              GENERAL ALLEGATIONS
25| 1.      Plaintiff TRICOR is a corporation duly organized and existing under and by
26| virtue of the laws of the State of California, and is qualified to do business in the State of
27| California and the County of Orange, and is in good standing with the Secretary of State of the
28|
                                          1
                               COMPLAINT FOR DAMAGES



FILE COPY
ORIGINAL FILED
SEP 25 PM 12:11
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   State of California. TRICOR maintains its principal place of business in the City of South San
2   Francisco, in the County of San Mateo, California.
3       2.      Plaintiff is informed and believes, and thereupon alleges, that defendant DHL
4   EXPRESS (CANADA), LTD. (hereinafter referred to as "DHL EXPRESS") is corporation
5   organized and existing under and by virtue of the laws of the nation of Canada.
6       3.      Plaintiff is informed and believes, and thereupon alleges, that defendant LOOMIS
7   CANADA HOLDING COMPANY, INC. (hereinafter referred to as "LOOMIS") is a
8   corporation organized and existing under and by virtue of the laws of the nation of Canada.
9       4.      The true names and capacities, whether individual, corporate, associate or
10  otherwise of the defendants named herein as DOES 1 through 25, inclusive, and each and all of
11  them are unknown to TRICOR at this time, and TRICOR therefore sues said defendants and each
12  and all of them, by such fictitious names, and TRICOR will advise this Court and seek leave to
13  amend this Complaint when the names and capacities of each such defendant have been
14  ascertained. TRICOR is informed and believes, and thereupon alleges that each said defendant
15  herein designated as a DOE defendant is responsible in some manner for the events and
16  happenings herein referred to, or as hereinafter alleged.
17      5.      TRICOR is informed and thereupon alleges, that at all times herein
18  mentioned, each and every defendant, including DOES 1 through 25, inclusive, and each of
19  them, was, were, and yet are the agents or employees of the other named defendants and each of
20  them, that in so doing the things herein alleged said defendants, and each and all of them, were
21  acting in within the course and scope of the authority conferred by, and with the consent of, each
22  other defendant, and all of them jointly.

2

COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION
(Breach of Contract)
### Against Defendants DHL EXPRESS AND LOOMIS And Does 1 Through 25

6. By this reference, TRICOR herein incorporates each and every allegation of paragraphs 1 through 5, inclusive of the General Allegations of this Complaint as if the same were set forth in full herein.

7. On or about March 2, 1984, TRICOR, on the one hand, and DHL CANADA and LOOMIS entered into an agreement wherein TRICOR agreed to provide courier services to the Defendants agreed to pay of the courier services pursuant to agreed upon credit terms ("Agreement"). Pursuant to the Agreement, TRICOR issued written purchase orders for each request from the Defendants. Each written sales contract issued to the Defendants pursuant to the Agreement contained the same terms and conditions. (A true and correct copy of a representative example of the sales contract is attached hereto as Exhibit "A", and is incorporated herein by this reference as though fully set forth.)

8. Since entering into the Agreement, TRICOR has received numerous orders for courier services from the Defendants, and has provided services to the Defendants pursuant to the agreed-upon credit terms.

9. TRICOR performed all conditions covenants, and promises required of it under the Agreements.

10. Yet on or about January 1, 2007, and continuing to date, the Defendants and DOES 1 through 25, and each of them, breached the Agreement by failing to pay $ 146,193.26 due under the Agreement for courier services ordered and provided to it by TRICOR pursuant to the Agreement. The Defendants refused to pay $ 146,193.26 without any explanation.

11. TRICOR is informed and believes that the Defendants knowingly and willfully continued to order courier services from TRICOR with the intention of withholding the $ 146,193.26 payment, with the sole purpose of creating economic leverage to attempt to negotiate concessions from TRICOR.

3

COMPLAINT FOR DAMAGES

1   12.   As a result, due to the breach of the Agreement by defendants and each of them,
2   TRICOR has been damaged in the sum of $ 146,193.26, and more according to proof.

### SECOND CAUSE OF ACTION
(Account Stated)
**Against DHL EXPRESS, LOOMIS And Does 1 Through 25**

7   13.   By this reference, TRICOR herein incorporates each and every allegation of
8   paragraphs 1 through 12, inclusive of this Complaint as if the same were set forth in full herein.
9   14.   Within four years before the commencement of this action, at San Mateo,
10  California, an account was stated in writing by and between TRICOR and defendants the
11  Defendants and Does 1 through 25 and on such statement a balance of $ 146,193.26 was found
12  due to TRICOR from said defendants. Defendants and each of them agreed to pay TRICOR said
13  balance.
14  15.   Although demanded of the Defendants, neither the whole nor any part of the
15  agreed balance has been paid.
16  16.   As a result, due to said defendants' breach of the Agreements as aforesaid there is
17  now due, owing, and unpaid from said defendants to TRICOR the sum of $ 146,193.26, together
18  with interest thereon at the legal rate.
19  17.   By reason of the conduct of said defendants, and each of them, TRICOR has
20  incurred attorneys' fees and costs, and will continue to incur said fees and costs to enforce its
21  rights under the Agreements. TRICOR is entitled to reasonable attorneys' fees and costs
22  pursuant to California Civil Code Section 1717.

### THIRD CAUSE OF ACTION
(Quantum Meruit)
**Against DHL EXPRESS and LOOMIS And Does 1 Through 25**

23.   By this reference, TRICOR herein incorporates each and every allegation of
paragraphs 1 through 17, inclusive, of this Complaint as if the same were set forth in full herein.

4

COMPLAINT FOR DAMAGES

24. Within the last two years, at South San Francisco, California, defendants DHL EXPRESS, LOOMIS, DOES 1 through 25, inclusive and each of them became indebted to TRICOR in for an agreed sum of $ 146,193.26 for serviced rendered to said defendants, and each of them at the special request and instance of said defendants, and each of them, and no other.

25. Neither the whole nor any party of the above sum has been paid, although demand therefore has been made, and there is now due, owing and unpaid from said defendants, and each of them, to TRICOR the sum of $ 146,193.26.

## FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation)
### Against DHL EXPRESS And Does 1 Through 25

26. By this reference, TRICOR herein incorporates each and every allegation of paragraphs 1 through 25, inclusive, of this Complaint as if the same were set forth in full herein.

27. At the time that the Defendants conveyed its promises, representations and assurances that the Defendants would pay for the services rendered, such representations were false, as the Defendants had no intention of making payment for the services rendered by TRICOR.

28. At the time that the Defendants conveyed its promises, representations, and assurances that payment would be made, the Defendants had no reasonable grounds for believing such representations to be true, as the Defendants had no intention of making any payment to compensate TRICOR for the services it rendered to the Defendants' clients on the Defendants' behalf.

29. At the time that the Defendants conveyed its promises, representations and assurances that payment would be made, TRICOR believed the promises, representations, and assurances to be true. Had TRICOR known that the promises, representations, and assurances were false and that the Defendants had no intention of fulfilling its promises, representations and assurances, TRICOR would not have continued to perform services for the Defendants.

5

COMPLAINT FOR DAMAGES

30.  As a direct, legal and proximate result of the Defendants' fraudulent conduct and false representations and its failure to pay TRICOR for the services rendered, TRICOR has been damaged in an amount in excess of $ 146,193.26.

WHEREFORE, plaintiff TRICOR prays for judgement against Defendants and Does 1 though 25, inclusive as follows:

## ON ALL CAUSES OF ACTION

1. For damages in the sum of $146,193.26 and more, according to proof.
2. For prejudgment interest on said sum at the maximum legal rate;
3. For reasonable attorneys' fees;
4. For costs of suit incurred by TRICOR herein; and
5. For such other and further relief as this court may deem just and proper.

Dated: 9-20-07

Laura Each Nguyen
Attorney for Plaintiff
TRICOR AMERICA, INC.

6

COMPLAINT FOR DAMAGES