ARTHUR J. CASEY (Bar No. 123273)
CARRIE M. DUPIC (Bar No. 240252)
ROBINSON & WOOD, INC.
227 North First Street
San Jose, CA 95113-1016
Telephone:   408/298-7120
Facsimile:   408/298-0477

Attorneys for Defendant
DHL CANADA EXPRESS, LTD. a
Canadian corporation; and LOOMIS CANADA
HOLDING COMPANY, INC. a Canadian
Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICOR AMERICA, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>DHL CANADA EXPRESS, LTD., a Canadian corporation; LOOMIS CANADA HOLDING COMPANY, INC., a Canadian corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. C 07 4949 CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)**<br><br>Complaint filed: September 25, 2007<br><br>Assigned to Judge Charles R. Bryer |

Defendants, DHL Canada Express, Ltd. ("DHL"), and Loomis Canada Holding Company, Inc. ("Loomis"), both Canadian corporations, respectfully submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss:

## I.

## INTRODUCTION

The Complaint filed by Plaintiff Tricor America, Inc., a California corporation ("Tricor"), contains four contract-related causes of action: (1) Breach of Contract; (2) Account Stated; (3) Quantum Meruit; and (4) Negligent Misrepresentation. The Complaint fails to allege

sufficient facts (*i.e.*, essential contract terms) to state valid claims for relief in contract. Accordingly, DHL and Loomis move to dismiss Tricor's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.
## ISSUE PRESENTED

Tricor's Complaint fails to allege the essential terms of an agreement alleged to be the basis for four contract-related causes of action. Should the Complaint be dismissed for failure to state valid claims for relief in contract?

## III.
## STATEMENT OF FACTS

Plaintiff, Tricor America, Inc., is a California corporation whose principle place of business is in South San Francisco, California. Defendants, DHL Canada Express, Ltd., and Loomis Canada Holding Company, Inc., are both Canadian corporations with principle place of business in Canada. Tricor alleges four causes of action in contract against Defendants. Given that Tricor seeks $146,193.26 in damages, it appears subject matter jurisdiction is grounded in diversity. All three companies engage in courier services.

Tricor's Complaint vaguely alleges that "[o]n or about March 2, 1984" Tricor, DHL, and Loomis entered into an agreement concerning courier services. (Complaint at 3:7.) But the Complaint fails to allege where the agreement was made, the service area at issue, the scope of services and prices agreed to, and other essential contract terms. It also fails to state whether the alleged agreement was oral or in writing. In short, the Complaint fails to identify the agreement and its essential terms at issue in the Complaint, such that insufficient facts are stated to support any of the four contract-related causes of action. The Complaint does make passing reference to a "representative example of a sales contract," but Tricor failed to attach said "Exhibit 'A,'" and Defendants have no understanding of what document was contemplated by that reference. (Complaint at 3:11-14.) DHL and Loomis can only speculate what oral statements or documents are the subject of Tricor's contention of an agreement between the parties. The Complaint should be dismissed for failure to state valid claims for relief in contract.

## IV.

## ARGUMENT

Tricor's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it fails to state sufficient facts identifying the contract and essential terms at issue, which are necessary to state valid claims for relief in contract.

**A.    The Rule 12(b)(6) Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In other words, the complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 1964-65. The complaint must have enough factual allegations "to raise a right to relief above the speculative level." *Id.* at 1965. Generally, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Russell v. Landrieu*, 621 F.2d 1037 (9th Cir. 1980). But conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds*, 749 F.2d 530, 533-34 (9th Circ. 1984).

**B.    The Four Contract-Related Causes of Action Fail Because The Complaint Fails To State Sufficient Facts Identifying The Contract And Essential Terms at Issue**

Pursuant to *Bell Atlantic* and *Robertson*, the Complaint should be dismissed in its entirety because it fails to state sufficient facts concerning the alleged agreement to support any of the four contract-related causes of action. The Complaint vaguely alleges an agreement entered into "[o]n or about March 2, 1984," but fails to allege whether that agreement was oral or written, and neglects to allege any of its essential terms, including: location of contract, service area, quantity or frequency of services to be provided; price; method and timing of payment; credit; renewal of

agreement; termination of agreement; and so on. The agreement allegation is so vague that it fails to afford DHL and Loomis reasonable notice of the subject of this lawsuit.

After vaguely referencing a 1984 contract, Tricor claims breach and other contract-related causes of action arising out of the unspecified contract terms, including causes of action for account stated, quantum meruit, and negligent misrepresentation. The Complaint is fatally flawed because it requires Tricor to speculate what contract, if any, whether oral or written, is the subject of Tricor's claims. In fact, the Complaint states that a "representative example of the sales contract is attached," but no such document was served (or particularly identified) with the Complaint. Without pleading the specifics of the contract's existence and terms, Tricor fails to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S. Ct. at 1965. Accordingly, the Complaint should be dismissed for failure to allege sufficient facts to support any claim in contract upon which relief may be granted.

## V.

## CONCLUSION

Tricor's Complaint fails to allege sufficient facts to identify the contract (if any) at issue. Further, the Complaint fails to allege the essential terms of the agreement giving rise to Tricor's claims for breach of contract, account stated, quantum meruit, and negligent misrepresentation. Tricor's failure to identify the contract and terms at issue constitutes insufficient factual support for the claims asserted, and fails to give DHL and Loomis reasonable notice of the subject of this lawsuit. The Complaint cannot rest on speculation to support its claims. *Id*. Accordingly, the Complaint should be dismissed for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: November 21, 2007            ROBINSON & WOOD, INC.

By: _____
ARTHUR J. CASEY
Attorneys for Defendants, DHL CANADA EXPRESS, LTD. a Canadian corporation; and LOOMIS CANADA HOLDING COMPANY, INC. a Canadian Corporation