ARTHUR J. CASEY (Bar No. 123273)
CARRIE M. DUPIC (Bar No. 240252)
ROBINSON & WOOD, INC.
227 North First Street
San Jose, CA 95113-1016
Telephone:   408/298-7120
Facsimile:    408/298-0477

Attorneys for Defendants,
DHL EXPRESS (CANADA), LTD.,
a Canadian corporation; and
MAYNE LOGISTICS LOOMIS, INC.,
a Canadian Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICOR AMERICA, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DHL CANADA EXPRESS, LTD., a Canadian corporation; LOOMIS CANADA HOLDING COMPANY, INC., a Canadian corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. C 07 4949 CRB<br><br>**ANSWER TO FIRST AMENDED COMPLAINT; COUNTER-CLAIM**<br><br>Complaint filed: 9/25/07<br>First Amended Complaint filed: 11/27/07<br><br>Assigned to Judge Charles R. Bryer<br><br>**JURY TRIAL DEMANDED** |

Defendants, DHL Express (Canada), Ltd. ("DHL"), a Canadian corporation, and Mayne Logistics Loomis, Inc. ("Mayne"), erroneously sued herein as Loomis Canada Holding Co., Inc., a Canadian corporation and wholly owned subsidiary of DHL, respond to the averments in Plaintiff Tricor America, Inc.'s First Amended Complaint ("FAC"), as follows:

## ADMISSIONS AND DENIALS

1. Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph One (1) of the FAC, and on that basis deny each every allegation contained therein.

2.  Defendants admit each and every allegation set forth in Paragraph Two (2) of the FAC.

3.  Defendants deny each and every allegation set forth in Paragraph Three (3) of the FAC. Mayne Logistics Loomis, Inc. ("Mayne"), erroneously sued herein as Loomis Canada Holding Co., Inc., is a corporation amalgamated under the laws of Canada. DHL Express (Canada), Ltd., acquired Mayne in or about January 2003. At all times herein mentioned, Mayne was a wholly owned subsidiary of DHL Express (Canada), Ltd.

4.  Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph Four (4) of the FAC, and on that basis deny each every allegation contained therein.

5.  Defendants deny each and every allegation set forth in Paragraph Five (5) of the FAC.

6.  By this reference, Defendants herein incorporate each and every response to Paragraphs One (1) through Five (5), inclusive, of this Answer to FAC, as if the same were set forth in full herein.

7.  Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph Seven (7) of the FAC, and on that basis deny each every allegation contained therein.

8.  Defendants admit that the November 23, 2006 letter (Exhibit "A" to FAC) referenced in Paragraph Eight (8) of the FAC was sent to an unidentified recipient at Loomis Courier Service, but lack sufficient knowledge or information to form a belief as to the allegations concerning when and to whom that letter was provided; on that basis, Defendants deny that the letter was provided in November 2006. Further, Defendants deny that the letter was effective notice of Tricor's alleged rate increases.

9.  Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph Nine (9) of the FAC, and on that basis deny each every allegation contained therein.

///

10. Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph Ten (10) of the FAC, and on that basis deny each every allegation contained therein.

11. Defendants deny each and every allegation set forth in Paragraph Eleven (11) of the FAC.

12. Defendants deny each and every allegation set forth in Paragraph Twelve (12) of the FAC.

13. Defendants deny each and every allegation set forth in Paragraph Thirteen (13) of the FAC.

14. By this reference, Defendants herein incorporate each and every response to Paragraphs One (1) through Thirteen (13), inclusive, of this Answer to FAC, as if the same were set forth in full herein.

15. Defendants deny each and every allegation set forth in Paragraph Fifteen (15) of the FAC.

16. Defendants deny each and every allegation set forth in Paragraph Sixteen (16) of the FAC.

17. Defendants deny each and every allegation set forth in Paragraph Seventeen (17) of the FAC.

18. Defendants deny each and every allegation set forth in Paragraph Eighteen (18) of the FAC.

19. By this reference, Defendants herein incorporate each and every response to Paragraphs One (1) through Eighteen (18), inclusive, of this Answer to FAC, as if the same were set forth in full herein.

20. Defendants deny each and every allegation set forth in Paragraph Twenty (20) of the FAC.

21. Defendants deny each and every allegation set forth in Paragraph Twenty-One (21) of the FAC.

///

OBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

22. By this reference, Defendants herein incorporate each and every response to Paragraphs One (1) through Twenty-One (21), inclusive, of this Answer to FAC, as if the same were set forth in full herein.

23. Defendants deny each and every allegation set forth in Paragraph Twenty-Three (23) of the FAC.

24. Defendants deny each and every allegation set forth in Paragraph Twenty-Four (24) of the FAC.

25. Defendants lack sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph Twenty-Five (25) of the FAC, and on that basis deny each every allegation contained therein.

26. Defendants deny each and every allegation set forth in Paragraph Twenty-Six (26) of the FAC.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that the FAC fails to state facts sufficient to constitute a claim upon which relief may be granted.

AS A SECOND, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that the allegations of the FAC are uncertain, vague, and ambiguous.

AS A THIRD, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that the cause of action for breach of contract, and the entire FAC, are barred by the applicable statutes of limitations.

AS A FOURTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff has failed to file this action in the correct venue.

AS A FIFTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that the allegations of the FAC are based on contracts which are invalid, void, and/or voidable.

AS A SIXTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff materially modified, altered, and changed the terms of the contract alleged in the complaint, which modification, alteration, and change of the original contract was intentional and without the consent or knowledge of Defendants. By reason of such modification, alteration, and change, all of Defendants' obligations under the original contract have been extinguished, and no new obligations incurred.

AS A SEVENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that the allegations of the FAC are based on, and/or involve, actions which are outside the scope of any contracts between Plaintiff and Defendants.

AS A EIGHTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that the FAC is barred by Defendants' full performance of its obligations and duties to Plaintiff.

AS A NINTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that the FAC is barred by Plaintiff's failure to fully perform its obligations and duties to Defendants.

AS A TENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that if there was, in fact, a contract as alleged, said contract violated the statute of frauds.

AS A ELEVENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that if there was, in fact, a contract as alleged, Plaintiff failed to perform that contract and failed to render consideration such as would give rise to any duty, on the part of Defendants, to perform.

AS A TWELFTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff's claims against Defendants are barred by virtue of the mistake of either of the parties.

///

///

1   AS A THIRTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff's claims against Defendants are barred by virtue of the mutual mistake of the parties.

AS A FOURTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff's claims against Defendants are barred by the doctrine of novation.

AS A FIFTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff's claims against Defendants are barred by the doctrine of accord and satisfaction.

AS A SIXTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff's claims against Defendants are barred by the doctrine of waiver.

AS A SEVENTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff's claims against Defendants are barred by the doctrine of estoppel.

AS A EIGHTEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff's claims against Defendants are barred by the doctrine of laches.

AS A NINETEENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff's claims against Defendants are barred by the doctrine of unclean hands.

AS A TWENTIETH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff's claims against Defendants are barred by virtue of Plaintiff's own breach of the implied covenant of good faith and fair dealing inherent in every contract.

///

///

///

ROBINSON & WOOD, INC.
227 North First Street
San Jose, CA 95113-1016
(408) 298-7120

AS A TWENTY-FIRST, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that their alleged actions, which are the subject of the FAC, were justified and lawful, and that Defendants acted and conducted themselves with the utmost good faith.

AS A TWENTY-SECOND, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff's claims against Defendants are barred because to allow Plaintiff to recover damages would be inequitable and would work a hardship on Defendants.

AS A TWENTY-THIRD, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that Plaintiff's claims against Defendants are barred because to award Plaintiff damages would unjustly enrich Plaintiff.

AS A TWENTY-FOURTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that all damages allegedly incurred by Plaintiff, as set forth in the FAC, were proximately caused by, and attributable to, in whole or in part, the acts of persons, firms, or entities other than Defendants, and that Defendants have no responsibility or liability for the alleged damages proximately caused by, and attributable to, the acts of others.

AS A TWENTY-FIFTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that all damages allegedly incurred by Plaintiff, as set forth in the FAC, were proximately caused by, and attributable to, the acts of Plaintiff, its agents, servants, employees, and other representatives, and that any recovery by Plaintiff must be diminished by the percentage and extent of Plaintiff's own fault in the matters encompassed in the FAC.

AS A TWENTY-SIXTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that the damages, if any, incurred by Plaintiff were incurred as a result of Plaintiff's failure to exercise reasonable diligence in mitigating damages.

///

AS A TWENTY-SEVENTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that they are entitled to an offset with respect to monies owed to Plaintiff, if any.

AS A TWENTY-EIGHTH, SEPARATE, AND DISTINCT AFFIRMATIVE DEFENSE to all causes of action, and each of them, Defendants allege that the parties' relationship does not involve an open book account.

## PRAYER

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of its First Amended Complaint;

2. That the First Amended Complaint on file herein be dismissed;

3. That the Court enter judgment in favor of Defendants and against Plaintiff on each claim for relief contained in the First Amended Complaint;

4. That the Court enter judgment awarding Defendants their attorneys' fees and costs incurred in this action; and

5. That the Court enter judgment granting such other and further relief as the Court deems just and proper.

## COUNTER-CLAIM

Defendants and Counter-Claimants, DHL Express (Canada), Ltd., a Canadian corporation, and Mayne Logistics Loomis, Inc., erroneously sued herein as Loomis Canada Holding Co., Inc., a Canadian corporation and wholly owned subsidiary of DHL, for causes of action against Plaintiff and Counter-Defendant Tricor America, Inc., allege as follows:

### I.

### PARTIES

1. Defendant and Counter-Claimant DHL Express (Canada), Ltd. ("DHL"), is a corporation amalgamated under the laws of Canada.

/ / /

/ / /

2.  Defendant and Counter-Claimant Mayne Logistics Loomis, Inc., erroneously sued herein as Loomis Canada Holding Co., Inc., is a corporation amalgamated under the laws of Canada. DHL Express (Canada), Ltd., acquired Mayne in or about January 2003. At all times herein mentioned, Mayne was a wholly owned subsidiary of DHL Express (Canada), Ltd. Both corporations will be hereinafter collectively referred to as "DHL."

3.  Defendants and Counter-Claimants are informed and believe, and thereupon allege, that Plaintiff and Counter-Defendant Tricor America, Inc. ("Tricor"), is a corporation incorporated under the laws of California and qualified to do business in California. Defendants and Counter-Claimants are further informed and believe, and thereupon allege, that Tricor maintains its principal place of business in the City of South San Francisco, in the County of San Mateo, California.

## II.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5.  This Court has personal jurisdiction over Tricor.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III.

## FACTS

7.  DHL is in the business of providing courier services.

8.  Tricor is in the business of providing courier services.

9.  DHL provided courier services to Tricor in 2006 and 2007, the charges for which Tricor failed to pay in full.

10. For DHL Invoice # ER6692 887, dated June 9, 2006, the amount past-due and owing is $70.23. Interest continues to accrue as allowed by law.

11. For DHL Invoice # ER6692 888, dated June 16, 2006, the amount past-due and owing is $140.46. Interest continues to accrue as allowed by law.

12. For DHL Invoice # ER6692 889, dated June 30, 2006, the amount past-due and owing is $304.33. Interest continues to accrue as allowed by law.

13.     For DHL Invoice # ER6692 890, dated July 7, 2006, the amount past-due and owing is $70.23. Interest continues to accrue as allowed by law.

14.     For DHL Invoice # ER6692 891, dated July 14, 2006, the amount past-due and owing is $127.05. Interest continues to accrue as allowed by law.

15.     For DHL Invoice # ER6692 892, dated July 21, 2006, the amount past-due and owing is $210.69. Interest continues to accrue as allowed by law.

16.     For DHL Invoice # ER6692 909, dated January 26, 2007, the amount past-due and owing is $113.00. Interest continues to accrue as allowed by law.

17.     For DHL Invoice # ER6692 910, dated February 2, 2007, the amount past-due and owing is $68.99. Interest continues to accrue as allowed by law.

18.     For DHL Invoice # ER6692 911, dated February 23, 2007, the amount past-due and owing is $111.86. Interest continues to accrue as allowed by law.

19.     For DHL Invoice # ER6692 912, dated March 30, 2007, the amount past-due and owing is $37.39. Interest continues to accrue as allowed by law.

20.     For all DHL Invoices mentioned in Paragraphs Ten (10) through Nineteen (19), the total amount past-due and owing is $1,254.23. Interest continues to accrue as allowed by law. A true and correct copy of DHL's statement of Tricor's past-due account is attached hereto as Exhibit "A," and is incorporated by reference.

21.     On March 9, 2007, DHL tendered payment to Tricor in the amount of $41,226.32, for courier services provided to DHL by Tricor, the charges for which were set forth in Tricor Invoice # T541565, dated January 1, 2007.

22.     On March 16, 2007, DHL tendered payment to Tricor in the amount of $35,410.48, for courier services provided to DHL by Tricor, the charges for which were set forth in Tricor Invoice # T542301, dated February 1, 2007.

23.     When the payments mentioned in Paragraphs Twenty-One (21) and Twenty-Two (22) were made, DHL had no actual knowledge that the amounts paid reflected the rate increases that Tricor alleges were effective November 15, 2006. Upon closer review of these two payments, DHL discovered that Tricor made rate increases many times higher than Tricor's previous rates,

and far greater than DHL's rates and rates standard for the courier services industry. DHL had no intent to assent to Tricor's new, higher rates.

24. DHL communicated to Tricor that the two payments mentioned in Paragraphs Twenty-One (21) and Twenty-Two (22) were made by mistake. Considering the rates previously charged between the parties, and rates common in the courier services industry, Tricor's new, higher rates were unreasonable. Under these circumstances, DHL's mistaken payment did not constitute assent to the new rates because there was no meeting of the minds.

## IV.

## **FIRST CAUSE OF ACTION**

### (Breach of Contract)

25. By this reference, Defendants and Counter-Claimants herein incorporate by reference each and every allegation of Paragraphs One (1) through Twenty-Four (24), inclusive, of this Counter-Claim, as if the same were set forth in full herein.

26. DHL agreed to perform courier services for Tricor. DHL fully performed courier services for Tricor, which were the subject of those invoices mentioned in Paragraphs Ten (10) through Nineteen (19).

27. Tricor agreed to pay DHL for its courier services. Tricor breached its agreement with DHL by failing to fully pay for the courier services performed by DHL, which were the subject of those invoices mentioned in Paragraphs (10) through Nineteen (19).

28. As a result of Tricor's breach, DHL has suffered damages in the amount of $1,254.23, the amount charged for the services rendered. Interest continues to accrue as allowed by law.

29. WHEREFORE, DHL requests judgment against Tricor as set forth in the Prayer below.

///

///

///

///

## V.

## **SECOND CAUSE OF ACTION**

### (Quantum Meruit)

30. By this reference, Defendants and Counter-Claimants herein incorporate by reference each and every allegation of Paragraphs One (1) through Twenty-Nine (29), inclusive, of this Counter-Claim, as if the same were set forth in full herein.

31. Tricor requested that DHL perform courier services for Tricor, which services were the subject of those invoices mentioned in Paragraphs (10) through Nineteen (19).

32. DHL agreed to perform courier services for Tricor. DHL fully performed courier services for Tricor, which were the subject of those invoices mentioned in Paragraphs Ten (10) through Nineteen (19).

33. Tricor agreed to pay DHL for its courier services. Tricor breached its agreement with DHL by failing to fully pay for the courier services performed by DHL, which were the subject of those invoices mentioned in Paragraphs (10) through Nineteen (19).

34. DHL charged $1,254.23 for the courier services rendered to Tricor. This is the reasonable value of DHL's services as determined by the parties' ongoing business relationship and the rates commonly charged in the courier services industry.

35. Tricor has failed to pay DHL the reasonable value of DHL's services.

36. As a result, DHL has suffered damages in the amount of $1,254.23, the amount charged for and the reasonable value of the services rendered. Interest continues to accrue as allowed by law.

37. WHEREFORE, DHL requests judgment against Tricor as set forth in the Prayer below.

/ / /

/ / /

/ / /

/ / /

/ / /

**VI.**

**THIRD CAUSE OF ACTION**

**(Restitution for Unjust Enrichment)**

38.  By this reference, Defendants and Counter-Claimants herein incorporate by reference each and every allegation of Paragraphs One (1) through Thirty-Seven (37), inclusive, of this Counter-Claim, as if the same were set forth in full herein.

39.  As mentioned in Paragraphs Twenty-One (21) through Twenty-Four (24), by mistake and without intent to assent to Tricor's alleged new, higher rates, DHL tendered payments to Tricor totaling $76,636.80, for courier services provided to DHL by Tricor.

40.  These payments far exceed the reasonable value of Tricor's services as determined by the parties' ongoing business relationship and the rates commonly charged in the courier services industry.

41.  DHL communicated to Tricor that these payments were made by mistake. Considering the rates previously charged between the parties, and rates common in the courier services industry, Tricor's new, higher rates were unreasonable. Under these circumstances, it would be unreasonable to conclude that, by tendering payment, DHL intended to assent to Tricor's new, higher rates. In fact, DHL's payment was the result of mistake, and therefore does not constitute assent to the new rates because there was no meeting of the minds.

42.  It would be against equity and good conscience to permit Tricor to retain that portion of DHL's payments which exceed the reasonable value of Tricor's services, which difference is according to proof.

43.  WHEREFORE, DHL requests judgment against Tricor as set forth in the Prayer below.

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT; COUNTER-CLAIM; JURY DEMAND

ROBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

## PRAYER

WHEREFORE, Defendants and Counter-Claimants pray as follows:

1. That the Court enter judgment in favor of Defendants and Counter-Claimants and against Plaintiff and Counter-Defendant on each claim for relief contained in the Counter-Claim;

2. For damages in the sum of $1,254.23, and more, including interest as allowed by law, according to proof;

2. For damages in the amount of the reasonable value of DHL's services to Tricor, according to proof;

3. For restitution in the amount of the difference between $76,636.80 and the reasonable value of Tricor's services, according to proof, and more, including interest as allowed by law, according to proof;

4. For attorneys' fees and costs incurred by DHL and Loomis in this action; and

5. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants hereby demand trial by jury.

Dated: December 19, 2007          ROBINSON & WOOD, INC.


By: _____
ARTHUR J. CASEY
CARRIE M. DUPIC
Attorneys for Defendants,
DHL EXPRESS (CANADA), LTD.,
a Canadian corporation; and
MAYNE LOGISTICS LOOMIS, INC.,
a Canadian Corporation

# EXHIBIT "A"

# Statement of Account
## As at 12/12/2007



DHL Express (Canada) Ltd
200 Westcreek Blvd
Brampton, Ontario
L6T  5T7
1-800-CALL-DHL

| Account No. | 976382807 | Ref No. | ER6692 |
|---|---|---|---|
| Account Name | TRICOR AMERICA | Credit Officer | Ellena Kendall |
| Account Total | $ 1,254.23 | Phone | 905-452-1835 |
| | | Email | Ellena.Kendall@DHL.com |

| Transaction Date | Reference | Amount Due | Transaction In Dispute? |
|---|---|---|---|
| 6/9/2006 | ER6692 887 | $70.23 | |
| 6/16/2006 | ER6692 888 | $140.46 | |
| 6/30/2006 | ER6692 889 | $304.33 | |
| 7/7/2006 | ER6692 890 | $70.23 | |
| 7/14/2006 | ER6692 891 | $127.05 | |
| 7/21/2006 | ER6692 892 | $210.69 | |
| 1/26/2007 | ER6692 909 | $113.00 | |
| 2/2/2007 | ER6692 910 | $68.99 | |
| 2/23/2007 | ER6692 911 | $111.86 | |
| 3/30/2007 | ER6692 912 | $37.39 | |