ARTHUR J. CASEY (Bar No. 123273)
CARRIE M. DUPIC (Bar No. 240252)
ROBINSON & WOOD, INC.
227 North First Street
San Jose, CA 95113-1016
Telephone: 408/298-7120
Facsimile: 408/298-0477

Attorneys for Defendants,
DHL EXPRESS (CANADA), LTD.,
a Canadian corporation; and
MAYNE LOGISTICS LOOMIS, INC.,
a Canadian Corporation

LAURA EACH NGUYEN (Bar No. 203141)
Law Offices of Laura D. Each, PC
5776 Lindero Canyon Rd., D-233
Westlake Village, CA 91362
Telephone: (818) 665-4083
Facsimile: (818) 206-3230

Attorney for Plaintiff,
TRICOR AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICOR AMERICA, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>DHL CANADA EXPRESS, LTD., a Canadian corporation; LOOMIS CANADA HOLDING COMPANY, INC., a Canadian corporation; and DOES 1 through 25, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. C 07 4949 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT / RULE 26(f) REPORT; [PROPOSED] ORDER**<br><br>Complaint filed: 9/25/07<br>First Amended Complaint filed: 11/27/07<br><br>Assigned to Judge Charles R. Breyer |

///

///

///

JOINT CASE MANAGEMENT STATEMENT / RULE 26(F) REPORT; [PROPOSED] ORDER

The parties to the above-entitled action jointly submit this Case Management Conference Statement / Rule 26(f) Report, and request that the Court adopt it as its Case Management Order in this case.

1. **JURISDICTION AND SERVICE**

This is an action for breach of contract and related claims, counterclaims, and defenses; the amounts in controversy exceed $75,000. Plaintiff, Tricor America, Inc. ("Tricor"), is a corporation incorporated under the laws of California and qualified to do business in California, with its principal place of business in the City of South San Francisco, in the County of San Mateo, California. Defendant DHL Express (Canada), Ltd., is a corporation amalgamated under the laws of Canada. Defendant Mayne Logistics Loomis, Inc., erroneously sued herein as Loomis Canada Holding Co., Inc., is a corporation amalgamated under the laws of Canada, and a wholly owned subsidiary of DHL Express (Canada), Ltd. (Both corporations will be hereinafter referred to collectively as "DHL.")

Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Personal jurisdiction and venue are not contested. No parties remain to be served.

2. **FACTS**

Tricor and DHL, separately, are in the business of providing courier services. Tricor alleges that on or about March 2, 1984, Tricor and DHL entered into an agreement wherein Tricor agreed to provide any courier services requested of it by DHL and DHL agreed to pay for the courier services pursuant to agreed upon credit terms of net 30 and subject to the rates in effect at the time of service. Tricor further alleges that said agreement was terminable at will and subject to rate changes at any time. DHL disputes the existence of the alleged 1984 agreement.

Tricor and DHL have a history of providing courier services for one another. Tricor alleges that in or about July 2006, DHL sent a letter dated July 17, 2006 to Tricor as notice that as of July 24, 2006, it was raising the rates by which DHL would charge Tricor for further services. Tricor further alleges that in response to the DHL rate increase, in November 2006, Tricor sent a letter dated November 23, 2006 to DHL as notice that as of November 15, 2006, the rate for

services was increasing, and the alleged notice detailed the new rates. DHL is in possession of that letter, but alleges no knowledge regarding when and by whom that letter was received.

Tricor alleges that DHL continued to request courier services from Tricor after the rate increase and paid for two months' worth of services at the new rate, but then continued to request services and failed to pay an amount for the following months' services. Tricor alleges that DHL's failure to pay for services rendered has resulted in $146,193.26 being due and owing to Tricor. The parties' informal attempts to resolve this dispute short of litigation were unsuccessful. Accordingly, Tricor filed suit alleging causes of action for breach of contract, failure to pay account stated, failure to pay *quantum meruit*, and negligent misrepresentation.

In response, DHL alleges that, of the post-increase charges totaling $216,872.97, DHL tendered two payments totaling $76,636.80. DHL alleges that these payments were made without actual knowledge that the amounts paid reflected the rate increases that Tricor alleges were effective November 15, 2006. DHL alleges that, upon closer review of the large payments made, DHL discovered that Tricor had made rate increases many times higher than Tricor's previous rates, and far greater than DHL's new rates and the rates standard for the courier services industry. DHL alleges the payment of $76,636.80 was the result of mistake, and therefore did not constitute assent to the new rates. Accordingly, DHL alleges that Tricor was unjustly enriched by DHL's overpayment, and DHL seeks restitution for the difference between its payment and the reasonable value of Tricor's services. DHL disputes liability for the $146,193.26.

DHL also alleges that Tricor failed to pay $1,254.23 for courier services provided by DHL to Tricor. Accordingly, DHL alleges breach of contract and failure to pay *quantum meruit*.

### 3. LEGAL ISSUES

The following legal theories are at issue in this case: contract formation; modification of contract; unilateral mistake; breach of contract; failure to pay account stated; failure to pay *quantum meruit*; negligent misrepresentation; and unjust enrichment.

### 4. MOTIONS

DHL's Rule 12(b)(6) Motion to Dismiss with respect to the Original Complaint was withdrawn subsequent to Tricor's filing and service of the First Amended Complaint. No motions

are pending. Tricor and DHL both anticipate filing motions for summary judgment. Discovery motions may be filed as well. *See Section 17 re Proposed Schedule.*

### 5. AMENDMENT OF PLEADINGS

The parties do not presently anticipate any amendments to the pleadings. The parties propose February 15, 2008 as the last day to amend pleadings and add parties. *See Section 17 re Proposed Schedule.*

### 6. EVIDENCE PRESERVATION

The parties have been advised by their respective counsel to preserve documentary and electronic evidence relevant to the issues in this action.

### 7. DISCLOSURES

The parties propose January 15, 2008, as the last day to comply with Rule 26(a) initial disclosure requirements. *See Section 17 re Proposed Schedule.*

### 8. DISCOVERY

The parties have met and conferred regarding a discovery plan. The parties agree that the limitations on discovery tools and the subject matter of discovery as set forth in the Federal Rules and the Local Rules for the Northern District should govern this action.

The subjects of discovery include, but are not limited to: witnesses and documents concerning contract formation and modification; witnesses and documents concerning services provided to each other by the parties; witnesses and documents concerning invoices and payments issued between the parties; all communications, written or oral, between the parties relevant to the matters in dispute in this action.

*See Section 17 re Proposed Schedule.*

### 9. CLASS ACTIONS

This is not a class action case.

### 10. RELATED CASES

There are no related cases.

///

///

JOHNSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

**11.   RELIEF**

As set forth in its First Amended Complaint, Tricor seeks damages in the sum of $146,193.26, and more, according to proof, as well as prejudgment interest on said sum at the maximum legal rate. Tricor also seeks its reasonable attorneys' fees and costs incurred by it in prosecuting this action.

As set forth in its Answer to First Amended Complaint and Counter-Claim, DHL seeks damages in the sum of $1,254.23, and more, including interest as allowed by law, according to proof. Alternatively, DHL seeks damages in the amount of the reasonable value of DHL's services to Tricor, according to proof. DHL also seeks restitution in the amount of the difference between $76,636.80 and the reasonable value of Tricor's services to DHL, according to proof, and more, including interest as allowed by law, according to proof. DHL also seeks an award of its attorneys' fees and costs incurred by it in this action.

**12.   SETTLEMENT AND ADR**

As indicated in the parties' December 14, 2007 Joint Stipulation Selecting ADR Process, and the Court's corresponding Order, the parties have agreed to private mediation before Roger Brothers, Esq. The parties propose March 31, 2008 as the last day to complete ADR. *See Section 17 re Proposed Schedule.*

DHL submitted its ADR Certification by Party and Counsel on December 17, 2007. Tricor filed its ADR Certification with the Court on December 21, 2007.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties respectfully do not consent to have this matter referred to a United States Magistrate Judge for all purposes.

**14.   OTHER REFERENCES**

This case is not suitable for references to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

/ / /

/ / /

/ / /

### 15. NARROWING OF ISSUES

The parties do not presently anticipate that there are issues that can be narrowed by agreement or motion, or through stipulated facts. The parties do not presently anticipate a need for bifurcation.

### 16. EXPEDITED SCHEDULE

Plaintiff Tricor America, Inc., believes that this matter is suitable for handling on an expedited basis, but Defendants do not.

### 17. SCHEDULING

The parties have met and conferred regarding a discovery plan, and propose the following schedule for discovery and other events in this case:

| Event | Proposed Date |
|---|---|
| Rule 26(a) Initial Disclosures | January 15, 2008 |
| Last day to amend pleadings or add parties | February 15, 2008 |
| Last day to depose fact witnesses | March 7, 2008 |
| Last day to complete ADR | March 31, 2008 |
| Last day to designate experts | May 2, 2008 |
| Last day to designate rebuttal experts | May 22, 2008 (20 days after expert disclosure) |
| Last day for hearing dispositive motions | June 13, 2008 |
| Completion of non-expert discovery | June 20, 2008 (30 days before trial) |
| Pre-trial conference; last day to file motions *in limine*; last day to lodge proposed *voir dire* questions | June 23, 2008 (4 weeks before trial) |
| Completion of expert discovery | July 7, 2008 (15 days before trial) |
| Hearing on motions *in limine*; hearing on disputed jury instructions | July 14, 2008 (1 week before trial) |
| Trial | July 21, 2008 |

///

18. **TRIAL**

DHL has demanded a trial by jury. The parties anticipate trial will last 3-5 days. The parties propose a trial date of July 21, 2008. *See Section 17 re Proposed Schedule.*

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have determined that there is no need to file a Certification of Non-Party Interested Entities or Persons.

20. **OTHER MATTERS**

None.

Respectfully submitted,

Dated: December 21, 2007          ROBINSON & WOOD, INC.

By: _____
ARTHUR J. CASEY
CARRIE M. DUPIC
Attorneys for Defendants,
DHL EXPRESS (CANADA), LTD.,
a Canadian corporation; and
MAYNE LOGISTICS LOOMIS, INC.,
a Canadian Corporation

Dated: December __, 2007          LAW OFFICES OF LAURA D. EACH, PC

By: _____
LAURA EACH NGUYEN
Attorney for Plaintiff,
TRICOR AMERICA, INC.

### [PROPOSED] ORDER

The Court hereby adopts the above Joint Case Management Statement as its Order.

IT IS SO ORDERED.

Dated: _____          _____
The Honorable Charles R. Breyer