Laura Each Nguyen, SBN 203141
Law Offices of Laura D. Each, PC
5776 Lindero Canyon Rd., D-233
Westlake Village, CA 91362
Telephone: (818) 665-4083
Fax: (818) 206-3230

Attorney for Plaintiff
TRICOR AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICOR AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DHL CANADA EXPRESS, LTD. a Canadian corporation; LOOMIS CANADA HOLDING COMPANY, INC., a Canadian corporation; and DOES 1 though 25, inclusive.<br><br>Defendants. | Case No.: C07 4949 CRB<br><br>**PLAINTIFF TRICOR AMERICA, INC.'S ANSWER TO COUNTERCLAIM OF COUNTER-CLAIMANTS DHL EXPRESS (CANADA), LTD., AND MAYNE LOGISTICS LOOMIS, INC.** |

Plaintiff and Counter-Defendant, Tricor America, Inc. respond to the allegations in Defendant and Counter-Claimants DHL Express (Canada), Ltd., and Mayne Logistics Loomis, Inc.'s Counter-Claim as follows:

1. Counter-Defendant lacks sufficient knowledge and information to form a belief as to the allegations set forth in Paragraph 1 of the Counter-claim and on that basis deny each and every allegation contained therein.

2. Counter-Defendant lacks sufficient knowledge and information to form a belief as to the allegations set forth in Paragraph 2 of the Counter-claim and on that basis deny each and every allegation contained therein.

3. Counter-Defendant admits each and every allegation set forth in Paragraph 3 of the Counter-Claim.

4. Counter-Defendant admits each and every allegation set forth in Paragraph 4 of the Counter-Claim.

5. Counter-Defendant admits each and every allegation set forth in Paragraph 5 of the Counter-Claim.

6. Counter-Defendant admits each and every allegation set forth in Paragraph 6 of the Counter-Claim.

7. Counter-Defendant lacks sufficient knowledge and information to form a belief as to the allegations set forth in Paragraph 7 of the Counter-claim and on that basis deny each and every allegation contained therein.

8. Counter-Defendant admits each and every allegation set forth in Paragraph 8 of the Counter-Claim.

9. Counter-Defendant admits that DHL provided courier services to Counter-Defendant, in 2006. However, Counter-Defendant denies each and every other allegation set forth in paragraph 9 of the Counter-claim.

10. Counter-Defendant denies each and every allegation set forth in paragraph 10 of the Counter-claim.

11. Counter-Defendant denies each and every allegation set forth in paragraph 11 of the Counter-claim.

12. Counter-Defendant denies each and every allegation set forth in paragraph 12 of the Counter-claim.

13. Counter-Defendant denies each and every allegation set forth in paragraph 13 of the Counter-claim.

14. Counter-Defendant denies each and every allegation set forth in paragraph 14 of the Counter-claim.

15. Counter-Defendant denies each and every allegation set forth in paragraph 15 of the Counter-claim.

16. Counter-Defendant denies each and every allegation set forth in paragraph 16 of the Counter-claim.

17. Counter-Defendant denies each and every allegation set forth in paragraph 17 of the Counter-claim.

18. Counter-Defendant denies each and every allegation set forth in paragraph 18 of the Counter-claim.

19. Counter-Defendant denies each and every allegation set forth in paragraph 19 of the Counter-claim.

20. Counter-Defendant denies each and every allegation set forth in paragraph 20 of the Counter-claim.

21. Counter-Defendant admits that DHL tendered a payment to Tricor pursuant to Invoice #T541565. However, Counter-Defendant denies each and every other allegation set forth in Paragraph 21 of the Counter-Claim.

22. Counter-Defendant admits that DHL tendered a payment to Tricor pursuant to Invoice #T542301. However, Counter-Defendant denies each and every other allegation set forth in Paragraph 22 of the Counter-Claim.

23. Counter-Defendant denies each and every allegation set forth in paragraph 23 of the Counter-claim.

24. Counter-Defendant admits that DHL has alleged that the payments mentioned in paragraphs 21 and 22 were made by mistake. However, Counter-Defendant denies each and every other allegation set forth in paragraph 24 of the Counter-claim.

25. Counter-Defendant denies each and every allegation set forth in paragraph 26 of the Counter-claim.

26. Counter-Defendant denies each and every allegation set forth in paragraph 27 of the Counter-claim.

27. Counter-Defendant denies each and every allegation set forth in paragraph 28 of the Counter-claim.

28. Counter-Defendant denies each and every allegation set forth in paragraph 31 of the Counter-claim.

29. Counter-Defendant denies each and every allegation set forth in paragraph 32 of the Counter-claim.

30. Counter-Defendant denies each and every allegation set forth in paragraph 33 of the Counter-claim.

31. Counter-Defendant denies each and every allegation set forth in paragraph 34 of the Counter-claim.

32. Counter-Defendant denies each and every allegation set forth in paragraph 35 of the Counter-claim.

33. Counter-Defendant denies each and every allegation set forth in paragraph 36 of the Counter-claim.

34. Counter-Defendant denies each and every allegation set forth in paragraph 39 of the Counter-claim.

35. Counter-Defendant denies each and every allegation set forth in paragraph 40 of the Counter-claim.

36. Counter-Defendant denies each and every allegation set forth in paragraph 41 of the Counter-claim.

37. Counter-Defendant denies each and every allegation set forth in paragraph 42 of the Counter-claim.

38. FIRST AFFIRMATIVE DEFENSE (Failure to State Facts Sufficient): Counter-Defendant is informed and believes, and thereon alleges, that the Counter-Claim fails to state facts certain and/or sufficient to constitute a cause of action against this answering Counter-Defendant.

39. **SECOND AFFIRMATIVE DEFENSE** (Contributory Negligence): Counter-Defendant is informed and believes, and thereon alleges, that Counter-Claimant's alleged damages, if any, was wholly or partly contributed to or proximately caused by Counter-Claimant's conduct and activities. Counter-Defendant is entitled to an equitable apportionment of the damages in relation to the negligence or wrongdoing of the Counter-Claimant.

40. **THIRD AFFIRMATIVE DEFENSE** (Set-Off): Counter-Defendant is informed and believes and thereon alleges, and upon such information and belief allege, that Counter-Defendant is entitled to Set-Off of any amounts owed.

41. **FOURTH AFFIRMATIVE DEFENSE** (Intervening and Superseding Causes): Counter-Defendant is informed and believes and thereon alleges, that if Counter-Claimant was injured or suffered any loss, which Counter-Defendant denies, that any such injury and/or loss was the proximate cause of the intervening and superseding actions on the part of Counter-Claimant or other parties other than this answering Counter-Defendant and that, by virtue of the intervening and superseding fault, any recovery against these answering Counter-Defendants must be reduced in percentage to the amount of said fault.

42. **FIFTH AFFIRMATIVE DEFENSE** (Estoppel): Counter-Defendant is informed and believes and thereon alleges, that Counter-Claimant, by her own conduct, is equitably estopped from asserting any right to recover as against this answering Counter-Defendant.

43. **SIXTH AFFIRMATIVE DEFENSE** (Failure to Mitigate Damages): Counter-Defendant is informed and believes, and thereon alleges, that if Counter-Claimant has suffered a loss or damage, which this answering Counter-Defendant denies, then Counter-Claimant failed to exercise reasonable care and diligence to avoid that loss, if any, or minimize the resulting damage, if any, and cannot recover for said loss or damage beyond that which would have resulted from a reasonable mitigation.

44. **SEVENTH AFFIRMATIVE DEFENSE** (Waiver): Counter-Defendant is informed and believes and thereon alleges, that Counter-Claimant has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence, or any other conduct, if any, as set forth in the Counter-Claim.

45.   EIGHTH AFFIRMATIIVE DEFENSE (Laches): Counter-Defendant is informed and believes, and thereon alleges, that the Counter-Claim and each and every one of Counter-Claimant's causes of action is barred by the doctrine of laches.

46.   NINTH AFFIRMATIVE DEFENSE (Counter-Claimant's Active Negligence): Counter-Defendant is informed and believes, and thereon alleges, that the Counter-Claim, and each and every cause of action therein, is barred by the active negligence of Counter-Claimant.

47.   TENTH AFFIRMATIVE DEFENSE (Statute of Limitations): Counter-Defendant is informed and believes and thereon alleges that the Counter-Claim, and each and every cause of action therein, is barred by the statute of limitations under California Code of Civil Procedure sections 336, 337, 338, 339, 340, and 341 et seq.

48.   ELEVENTH AFFIRMATIVE DEFENSE (Avoidable Consequences): Counter-Claimant's damages are barred from recovering damages because Counter-Claimant could have avoided damages through reasonable efforts.

49.   TWELFTH AFFIRMATIVE DEFENSE (Prior Breach): Counter-Defendant is informed and believes, and thereon alleges, that Counter-Claimant expressly, voluntarily and knowingly waived any all rights alleged due to their prior breach of contract and are, therefore, barred either totally or to the extent of said breach from recovery of any damages.

50.   THIRTEENTH AFFIRMATIVE DEFENSE (Unclean Hands): Counter-Defendant is informed and believes, and thereon alleges that the Counter-Claim and each and every cause of action therein, are barred by the doctrine of Unclean Hands.

51.   FOURTEENTH AFFIRMATIVE DEFENSE (Accord and Satisfaction): Counter-Defendant is informed and believes, and thereon allege that the Counter-Claim and each and every cause of action therein, are barred by the doctrine of accord and satisfaction.

**PRAYER**

WHEREFORE, Plaintiff and Counter-Defendant pray as follows:

1.   That Counter-Claimant take nothing by reason of its Counter-Claim

2.   That the Counter-Claim on file herein be dismissed;

3. That the Count enter judgment in the amount of $146,193.26 and more, according to proof in favor of Plaintiff and Counter-Defendant Tricor America, Inc. on each of the claims for relief contained in the First Amended Complaint;

4. That the Count enter judgment awarding Plaintiff and Counter-Claimant attorneys' fees, costs, and interest incurred in this action; and

5. For such other and further relief as this court may deem just and proper.

Dated: 1/8/08

Laura Each Nguyen
Attorney for Plaintiff
TRICOR AMERICA, INC.

ANSWER TO COUNTER-CLAIM