Laura Each Nguyen, SBN 203141
Law Offices of Laura D. Each, PC
5776 Lindero Canyon Rd., D-233
Westlake Village, CA 91362
Telephone: (818) 665-4083
Fax: (818) 206-3230

Attorney for Plaintiff
TRICOR AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICOR AMERICA, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>DHL CANADA EXPRESS, LTD. a Canadian corporation; LOOMIS CANADA HOLDING COMPANY, INC., a Canadian corporation; and DOES 1 though 25, inclusive.<br><br>Defendants. | Case No.: C07 4949 CRB<br><br>PLAINTIFF TRICOR AMERICA, INC.'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND IN THE ALTERNATIVE MOTION FOR SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date: June 27, 2008<br>Time: 10:00 a.m.<br>Courtroom: 9<br><br>*[Declarations of Laura Each Nguyen, Andy Sun, Richard Cruz, and John Marticio; Statement of Uncontroverted Facts and Conclusions of Law filed* |

1

PLAINTIFF'S SEPARATE STATMENET IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

*concurrently herewith]*

Pursuant to Northern District of California Local Rules, Plaintiff Tricor America, Inc. ("Tricor") hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment

## STATEMENT OF UNCONTROVERTED FACTS

| UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. Tricor America, Inc. is a California corporation engaged in the business of transporting packages throughout the United States. | Declaration of Scott Tanaka ¶ 3; Declaration of John Marticio ¶ 3; Declaration of Rick Cruz ¶ 3. |
| 2. Loomis is a Canadian company engaged in the business of transporting packages throughout Canada | Declaration of Scott Tanaka ¶ 4; Declaration of John Marticio ¶ 4; Declaration of Rick Cruz ¶ 4 |
| 3. DHL Canada is a Canadian company engaged in the business of transporting packages throughout Canada. | Declaration of Scott Tanaka ¶ 5; Declaration of John Marticio ¶ 5; Declaration of Rick Cruz ¶ 5 |
| 4. In or about 1984, Tricor America, Inc. and Loomis Courier entered into an agreement to provide courier services to each other at specified rates. The | Declaration of John Marticio ¶ 6; Declaration of Rick Cruz ¶ 6 |

| | |
|---|---|
| agreement did not have any specific term and could be terminated by either party at any time. | |
| 5. Tricor and Loomis performed services for one another pursuant to this agreement for more than twenty years. | Declaration of John Marticio ¶ 7; Declaration of Rick Cruz ¶ 7 |
| 6. In or about 2004, Loomis was acquired by DHL. | Declaration of Scott Tanaka ¶ 8; Declaration of John Marticio ¶ 8; Declaration of Rick Cruz ¶ 8. |
| 7. Once Loomis was acquired by DHL, DHL raised its rates on Tricor for the work performed by Loomis. | Declaration of Scott Tanaka ¶ 9; Declaration of John Marticio ¶ 9; Declaration of Rick Cruz ¶ 9. |
| 8. Initially, the rate increases were instituted without any prior notice and Tricor learned of the rate increases when it received the invoices. | Declaration of John Marticio ¶ 10; Declaration of Rick Cruz ¶ 10 |
| 9. Tricor disputed the initial rate increases and contacted Ben Fan, Tricor's contact at DHL/Loomis. Ben Fan advised Tricor that the invoices were incorrect and instructed Tricor to short pay the invoices. | Declaration of John Marticio ¶ 11; Declaration of Rick Cruz ¶ 11 |
| 10. Tricor followed Ben Fan's instructions and short-paid the invoices. | Declaration of John Marticio ¶ 12; Declaration of Rick Cruz ¶ 12 |
| 11. In July 2006, Defendants sent a notice of rate increase to Tricor's Seattle office. This notice of rate increase increased rates drastically. | Declaration of John Marticio ¶ 13; Declaration of Rick Cruz ¶ 13 |

| | |
|---|---|
| 12. In November 2006, Tricor terminated all services performed by Defendants on behalf of Tricor and contracted with another courier company to perform its work in Canada. | Declaration of Rick Cruz, ¶ 14. |
| 13. After cancelling its work with Defendants, Tricor sent Defendants a notice of rate increase for the work Tricor performed for Defendants. The notice was delivered with the October 2006 invoice and the October 2006 invoice was paid in its entirety. | Declaration of Scott Tanaka ¶ 10, Exh. B; Declaration of Laura Each Nguyen, ¶ 2, Exh. A. |
| 14. In December 2006, Tricor billed Defendants pursuant to the new rate structure. | Declaration of Scott Tanaka ¶ 11; |
| 15. In or about January 2007, Tricor's accounts receivable manager, Andy Sun contacted Defendants to determine when Tricor could expect to receive payment. Mr. Sun further advised Defendants that should Tricor not receive payment forthwith it would terminate service. Mr. Sun was assured that payment would be forthcoming. | Declaration of Andy Sun ¶ 7, Exh. B. |
| 16. In or about March 19, 2007, Tricor received payment for the first invoice issued at the new rates, however the payment was made in Canadian | Declaration of Andy Sun ¶ 8. |

<2008-05-19>

<2008-05-19>
<2008-05-19>

<2008-05-19>
<2008-05-19>

| | |
|---|---|
| 1  currency instead of United States dollars. | |
| 17. In or about March 26, 2007, Tricor received payment for the second invoice issued at the new rates in full. | Declaration of Andy Sun ¶ 9. |
| 18. In March 2007, Andy Sun contacted Defendants and advised them that they had failed to pay the entire invoice and insisted on payment of the remaining amount. | Declaration of Andy Sun ¶ 10; |
| 19. In April 2007, Defendants questioned the new rates and expressed concern that the new rates were significantly higher than the prior rates. | Declaration of Andy Sun ¶ 11; |
| 20. Defendants continued to use Tricor's services until May 11, 2007, when Defendants terminated Tricor's services for Defendants. | Declaration of Scott Tanaka ¶ 12; Declaration of Andy Sun ¶ 12; |
| 21. Defendants failed to make any further payments to Tricor after February 2007. | Declaration of Andy Sun ¶ 13; |
| 22. When Tricor America, Inc. did not receive payment for the work performed, Tricor filed suit. | Declaration of Scott Tanaka ¶ 14; Declaration of Andy Sun ¶ 14. |
| 23. After Tricor filed suit, on December 17, 2008, Defendants filed a | Declaration of Scott Tanaka ¶ 15; Declaration of Andy Sun ¶ 15. |

5

PLAINTIFF'S SEPARATE STATMENET IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case 3:07-cv-04949-CRB    Document 32    Filed 05/19/2008    Page 6 of 8

| | |
|---|---|
| counter-claim which included causes of action for Breach of Contract, Quantum Meruit, and Restitution | |
| 24. The Counter-Claim sought damages for services provided between June 2006 and January 2007. | Declaration of Scott Tanaka ¶ 16; Declaration of Andy Sun ¶ 16. |
| 25. Tricor did not request any service from Defendants after November 2006. | Declaration of Scott Tanaka ¶ 17; Declaration of John Marticio, ¶ 15. |

## CONCLUSIONS OF LAW

1. Tricor America, Inc. was not unjustly enriched by receiving amounts invoiced.

2. Tricor America, Inc. performed all of its contractual obligations.

3. Under the terms and conditions of the agreement, both parties had an obligation to pay for the services rendered on their behalf.

4. Defendants breached the agreement by raising its rates without providing Tricor with notice of the rate increase.

5. Defendants further breached the agreement by failing to pay amounts due for work performed.

6. Defendants entered into an accord and satisfaction when they instructed Tricor to short-pay the invoices.

6

PLAINTIFF'S SEPARATE STATMENET IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

7.	Any claim for amounts due for courier services provided prior to June 17, 2006 is barred by the applicable statute of limitations.

Dated: _____

Hon. Charles Breyer
United States District Court Judge

Submitted By:

LAW OFFICES OF LAURA D. EACH, PC

BY: _____
Laura Each Nguyen
Attorney For Tricor America, Inc

<u>PROOF OF SERVICE BY MAIL</u>

I, Laura Each Ngueyn, declare as follows:

I am over the age of 18 years, and not a party to or interested in the within entitled action. I am a principal at the Law Offices of Laura D. Each and my business address is 5776 Lindero Canyon Road, D-233, Westlake Village, CA 91362.

On May 19, 2008, I served by mail the following documents:

SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I enclosed a true and correct copy of said document(s), in an envelope via United States Mail, addressed as follows:
Carrie M. Dupic
Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113

I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. The firm's practice is to deposit mail with the United States Postal Service in Westlake Village, California, on the same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the aforementioned date, following ordinary business practice.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on May 19, 2008 in Westlake Village, California

_____
Laura Each Nguyen, Attorney at Law

PLAINTIFF'S SEPARATE STATMENET IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT